# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>PS ORANGECO., INC.,<br><br>　　　　　　　　　Defendant. | CASE NO. 14cv2086-LAB (NLS)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Scott Schutza filed his complaint on September 4, 2014, bringing claims under the Americans with Disabilities Act (ADA) and supplemental state-law claims. The Court is obligated to confirm its own jurisdiction, *sua sponte* if necessary, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir.2011) (en banc). The complaint must plead facts, not merely conclusions, to invoke Court's jurisdiction. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Fed. R. Civ. P. 8(a)(1); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 663 (2009)).

Here, it appears Schutza has failed to allege facts showing he has standing to bring his ADA claim. Furthermore, because the only remedy available to Schutza under the ADA is injunctive relief, *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), if injunctive relief is unavailable or would be ineffective, the ADA claim is moot. If the Court lacks jurisdiction over his federal claim, it cannot exercise jurisdiction over supplemental state claims.

The complaint adequately alleges that Schutza is disabled and that he would like to patronize the Public Storage whose parking lot he says is defective. The complaint does not, however, allege how the condition of the parking lot harmed him when he visited the Public Storage or is deterring him from returning. Instead, it relies on conclusions. Essentially, its theory is that because he is disabled he merely needs to identify a feature on the premises that could pose a problem for someone with a similar disability, and he is entitled to relief. That is not enough to show standing.

The complaint alleges that Schutza uses a wheelchair. It then alleges that "there is not a single complaint handicap-accessible parking space available for disabled persons" in the storage's parking lot. (Complaint ¶10.) It alleges that no "no parking" signs or easily visible pavement markings indicate that a handicap-accessible parking space exists. (*Id.*) The complaint alleges there was a stall ostensibly reserved for disabled persons, but there was no access aisle and markings on the pavement have faded. (*Id.*)

What is missing here is an allegation of how the condition of the parking lot prevents Schutza from parking, navigating the parking lot, or accessing the business. For example, he hasn't alleged facts showing why faded paint and lack of "no parking" sign prevented him from parking in the stall he described, or how these conditions deter him from returning in the future. Merely alleging "difficulty" (Compl. ¶13) is too vague; it doesn't necessarily refer to the kind of difficulties for which the ADA provides a remedy, and would not enable Defendants to formulate a defense. *See Starr v. Baca*, 652 F.3d 1202, 1215-16 (9th Cir. 2011) (holding that plaintiffs must make "sufficient allegation of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). And the allegation that he was "denied . . . full and equal access" (*id.*) is purely conclusory.

The insufficiency of the allegations makes it impossible to make the determination that it is likely and not merely speculative Schutza would benefit from injunctive relief; this is relevant both to the redressability prong of the standing analysis, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and the question of whether the Court can grant meaningful injunctive relief. *See Center for Biological Diversity v. Lohn*, 511 F.3d 960, 964

1  (9th Cir. 2007) (where the only relief sought would serve no meaningful purpose, claims were
2  moot).

3  While the Court is not at this stage examining the sufficiency of the pleadings, there
4  are not even any factual allegations to establish that Defendants' business is covered by the
5  ADA, and that reserved handicap-accessible spaces are required. *See Yates v. Bacco*, 2014
6  WL 1089101, at *4 and n.5 (N.DI., Mar. 17, 2014) (discussing different standards applicable
7  to premises depending on when they were constructed).

8  Schutza's counsel has been cautioned about the necessity of pleading facts to
9  establish jurisdiction. (*See Langer v. Wisham*, 14cv1857-LAB (KSC), Docket no. 5 (Order to
10 Show Cause re: Jurisdiction); *Langer v. Shamoun*, 14cv1822-LAB (BLM), Docket no. 7
11 (Order to Show Cause re: jurisdiction; *Langer v. Velasquez*, 14cv1822-LAB (BLM), Docket
12 no. 7 (Order to Show Cause re: Jursidction).)  Schutza has pleaded such facts before. (*See,
13 e.g., Schutza v. Estudillo*, 14cv1653-LAB (NLS), Complaint, ¶ 10 (alleging that the slope of
14 parking spaces caused Schutza's wheelchair to roll down the hill when he parked there).)
15 Because both Schutza and his counsel are aware of this requirement and have not complied
16 with it, dismissal rather than an order to show cause is appropriate.

17 The complaint is therefore **DISMISSED WITHOUT PREJUDICE**. If Schutza believes
18 he can successfully amend to show standing, he must file his amended complaint no later
19 than **Monday, September 29, 2014**. If Plaintiff does not amend within the time permitted, this
20 action will be dismissed without leave to amend, for failure to prosecute and failure to obey
21 the Court's order.

22 **IT IS SO ORDERED**.
23 DATED: September 11, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge